UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GLENN WOODS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. 2:10-cv-2031-GEB-EFB<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $12,434.50. The court previously awarded plaintiff a fee of $5,500.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 33. Plaintiff explains that the $12,434.50 equals 25 percent of past benefits due to plaintiff less the $5,500.00 counsel was previously awarded. ECF No. 34 at 1. Plaintiff entered into a fee agreement with his attorney which provides that plaintiff would pay his attorney 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses. ECF No. 34-3. Plaintiff's counsel submitted a declaration showing that she and co-counsel spent 36 hours on plaintiff's case.

/////

/////

1    42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff disabled, he was awarded past-due benefits in the amount of $71,738.00. ECF No. 34-2. Through the instant motion, plaintiff's counsel seeks an award of $12,434.50. Combined with the $5,500 already awarded under EAJA (ECF No. 33), plaintiff's counsel seeks a total of $17,934.50, or 25 percent of plaintiff's past-due benefits. This would constitute an hourly rate of $498.18, based on the 36 hours counsel spent on the case. Based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, and her significant experience in the field of Social Security law, the court finds that rate to be reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00). Further, given the result achieved in this case, the court finds the amount of hours expended to be reasonable. Therefore, plaintiff's counsel should be awarded the sum of $12,434.50 in fees pursuant to 42 U.S.C. § 406(b).[1]

---

[1] As mentioned herein, plaintiff's counsel pursued, and was awarded, fees under the EAJA in the amount of $5,500. ECF No. 33. Ordinarily, the EAJA award offsets any attorney's

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's counsel's motion for attorney's fees, ECF No. 34, be granted; and

2. Plaintiff's counsel be awarded $12,434.50 in fees pursuant to 42 U.S.C. § 406(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

fee received pursuant to a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 796 (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).  As plaintiff's request for attorney's fees pursuant to 42 U.S.C. § 406(b) already accounted for the award of EAJA fees, no further offset is needed.